IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| S. MOBLEY EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:26-cv-371-ECM |
| | ) | [WO] |
| | ) | |
| EXETER FINANCE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On July 13, 2026, the Court entered a Memorandum Opinion and Order ("Order") striking the Plaintiff's operative complaint as an impermissible shotgun pleading. (Doc. 6 at 10, para. 2).[1] In that Order, the Court directed the Plaintiff to file a second amended complaint that complies with Federal Rules of Civil Procedure 8 and 10 on or before July 31, 2026. (Doc. 6 at 10, para. 3). The Plaintiff did not comply. On August 13, 2026—one month after the Court issued its Order—the Court ordered the Plaintiff to show cause in writing why she failed to comply on or before August 27, 2026. (Doc. 7 at 1). The Court explicitly warned the Plaintiff, "[a]ny further failure to comply with Court Orders could result in dismissal for failure to prosecute." (*Id.*). To date, the Plaintiff has not complied with either Court Order.

[1] For clarity, the Court refers to the document and page numbers generated by CM/ECF.

Despite detailed guidance on how to address the Court's concerns, the Plaintiff still failed to comply with Court Orders. (*See* doc. 6 at 10–11, paras. 3(a)–3(g)). This failure demonstrates a lack of intent to prosecute this action, and the Court concludes that dismissal of this action without prejudice is warranted.

## II. LEGAL STANDARD

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). The Court may dismiss an action if the plaintiff fails to comply with a court order, both under its inherent authority and Federal Rule of Civil Procedure 41(b). *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (inherent authority); *Equity Lifestyle Props.*, 556 F.3d at 1240 (Rule 41(b)). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III. BACKGROUND

This case concerns the Plaintiff's "possession and use of [a] . . . 2019 Mazda CX-9." (Doc. 5 at 7). On May 12, 2026, the Plaintiff, proceeding *pro se*, filed suit against four defendants—Exeter Finance LLC, Carmax Auto Superstores, Inc., Safe-Guard Products International, LLC, and CNA National Warranty Corporation—to prevent "repossession-related activity, adverse servicing activity, or other enforcement conduct affecting [the] Plaintiff's interests." (Doc. 1 at 1, 4). The Plaintiff did not explicitly state any causes of

action or sufficiently allege subject matter jurisdiction. (*See generally id.*). The Court then ordered the Plaintiff to show cause "why this case should not be dismissed for lack of subject matter jurisdiction." (Doc. 3 at 2).

The Plaintiff responded by filing a composite document which contained five discrete documents: (1) verified response to order to show cause; (2) verified amended complaint; (3) notice of controlling definitions; (4) verified accounting demand; and (5) emergency request for preservation of status." (*See* doc. 5 at 1). The Court—considering the composite document ("operative complaint") in its entirety—ordered that the operative complaint be stricken as an impermissible shotgun pleading.[2] (Doc. 6 at 2). The Court granted the Plaintiff leave to file a second amended complaint on or before July 31, 2026. (*Id.* at 10, para 3).

The Plaintiff did not file a second amended complaint by the Court's deadline. Consequently, on August 13, 2026, the Court ordered the Plaintiff to show cause in writing why she failed to comply with the Court's Order. (Doc. 7 at 1). In addition to the Plaintiff's failure to comply, she has not sought any extensions or moved for relief from the Court's Orders. The record also lacks any indication that the Plaintiff has attempted to serve any purported defendants. The Plaintiff's failure to comply and lack of intent to prosecute this action necessitates dismissal of this suit without prejudice.

[2] The Court also denied the Plaintiff's "emergency request for preservation of status." (*See* doc. 6 at 10, para. 1 ("To the extent the Plaintiff's operative complaint included a motion for temporary restraining order (doc. 5), that motion is DENIED.")).

## IV. DISCUSSION

Considering the litigation history set forth above, the Court finds that the Plaintiff has failed to comply with Court Orders and has failed to adequately prosecute this case. First, the Plaintiff did not comply with the Court's Order granting leave to file a second amended complaint. (Doc. 6 at 10, para. 3). Second, she wholly failed to comply with the Court's August 13, 2026 Order to show cause. (Doc. 7 at 1). The Plaintiff was warned that "[a]ny further failure to comply with Court Orders could result in dismissal for failure to prosecute." (*Id.*). The record lacks any indication that the Plaintiff intends to prosecute this action.

The Plaintiff's status as a *pro se* litigant does not alter the Court's conclusion. Indeed, "[a] district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Props.*, 556 F.3d at 1241. "This principle applies with full force to *pro se* plaintiffs." *Mallon v. Pete*, 2026 WL 1417193, at *1 (S.D. Fla. May 20, 2026) (citing *McNair v. Johnson*, 143 F.4th 1301, 1306–08 (11th Cir. 2025)).[3] District courts are permitted to dismiss actions without prejudice when *pro se* plaintiffs fail to respond to reasonable orders. *See Riddell v. Florida*, 702 F. App'x 869, 871–72 (11th Cir. 2017) (per curiam) ("Because Riddell failed to respond to the district court's reasonable order, the court acted within its discretion in dismissing the action without prejudice, even though no extreme circumstances were present which would warrant dismissal with prejudice.").

[3] The Court here, and elsewhere in the Opinion, cites to nonbinding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

The Court warned the Plaintiff that failure to comply may result in dismissal for failure to prosecute. Instead of heeding the Court's reasonable order, the Plaintiff ignored the Court's warning. Thus, it is appropriate for the Court to dismiss this action without prejudice.

## V. CONCLUSION

Accordingly, for the reasons stated, it is

ORDERED that this case is DISMISSED without prejudice for the Plaintiff's failure to comply with Court Orders and to prosecute this case. It is further

ORDERED that all pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 29th day of September, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE